UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LESLIE MERCADO,<br>    *Plaintiff,*<br><br>v.<br><br>TRI-COUNTY YOUTH & FAMILIES, *et al.*<br>    *Defendants.* | No. 24-cv-10580-PGL |

### ORDER FOR REASSIGNMENT AND
### REPORT AND RECOMMENDATION

LEVENSON, U.S.M.J.

### INTRODUCTION

Plaintiff Leslie Mercado, proceeding *pro se*, initiated this action by filing a complaint alleging that she was subjected to human trafficking while in foster case. Docket No. 1. On April 1, 2024, the Court entered an order that granted Plaintiff leave to proceed in forma pauperis (the "Order"). Docket No. 4. Because Plaintiff was permitted to proceed in forma pauperis, her complaint was subject to screening pursuant to 28 U.S.C. § 1915(e).

In the Order, the Court advised Plaintiff that her complaint was defective as written and subject to dismissal. *Id.* The Court instructed Plaintiff to file an amended complaint and cure the defects outlined in the Order. *Id.* The Order explained that Plaintiff's original complaint failed to state claims under the Trafficking Victims Protection Act and the Violence Against Women Act. Plaintiff was further advised that claims for monetary damages from the Massachusetts Department of Children and Families ("DCF") are typically barred by Eleventh Amendment sovereign immunity. Finally, Plaintiff was advised that her complaint failed to comply with the

pleading requirements of the Federal Rules of Civil Procedure. Plaintiff was granted an opportunity to file an amended complaint in order to fix these defects if there is a factual basis for doing do. Plaintiff was also advised that any amended complaint would completely supersede the original complaint and that, in evaluating the sufficiency of any amended complaint, the Court will not look to the original complaint.

Now before the Court is a document, identified as a "motion," in which Plaintiff states, simply, "I Leslie Mercado would like to add my claims to my complaint." Docket No. 6. Accompanying this "motion" is Plaintiff's amended complaint. Id.

After careful review of Plaintiff's amended complaint, the Court finds that the amended complaint fails to allege facts that substantively address the deficiencies identified in the Court's Order.[1] *See* Docket No. 4. Plaintiff was provided a full opportunity to allege facts sufficient to state a claim after receiving the Court's guidance.

The Court takes judicial notice that Plaintiff has named DCF as a defendant in 4 other actions in the District of Massachusetts. *See Mercado v Communities for People, et al.*, C.A. No. 24-10574-JEK (pending); *Mercado v Day, et al.*, C.A. No. 24-11538-WGY (pending); *Mercado v U.S. Department of Education, et al.*, C.A. No. 24-10006-IT (dismissed for lack of subject matter jurisdiction); and *Mercado v Department of Social Services, et al.*, C.A. No. 23-11140-PBS (dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)), *appeal filed*, No. 23-2009 (Nov. 27, 2023).

---

[1] The Court notes that Plaintiff's amended complaint identifies a date of injury as "1996." *See* Docket No. 6, at 2. It is therefore evident, on the face of Plaintiff's amended complaint, that state-law tort claims concerning events that occurred in 1996 are time-barred. *See* Mass. Gen. L. ch. 260 § 2A (setting three-year statute of limitations for tort actions).

Plaintiff was given an opportunity to state additional facts to plead a cognizable claim, after the Court outlined apparent defects in Plaintiff's original complaint. Under these circumstances, it seems unlikely that Plaintiff is able to state additional facts that would suffice to make out a cognizable claim. Thus, it appears futile to permit further amendment.

Accordingly, the Court will order this case reassigned to a district judge and recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Court orders that the case to be returned to the Clerk's Office for REASSIGNMENT to a District Judge for further proceedings.

For the reasons set forth above, the Court recommends that Plaintiff's motion to amend the complaint [Docket No. 6] be DENIED and that the assigned District Judge DISMISS the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

SO ORDERED.

/s/ Paul G. Levenson
Paul G. Levenson
United States Magistrate Judge

August 19, 2024

---

[2] The parties are advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within fourteen days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378–79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).